UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILBUR MACY and PAMELA J. STOWE,                                              Plaintiffs,

v.                                                              Civil Action No. 3:15-cv-819-DJH-CHL

GC SERVICES LIMITED PARTNERSHIP,                                          Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs Wilbur Macy and Pamela Stowe allege that Defendant GC Services Limited Partnership violated the Fair Debt Collection Practices Act by sending them debt-collection letters that did not accurately convey their rights under the Act.  (Docket No. 1)  They now seek certification of a class consisting of similarly situated debtors.  (D.N. 22)  Because GC Services' opposition to certification primarily rests on its contention that the plaintiffs lack standing—a position the Court rejected in a previous opinion (D.N. 29)—and because the plaintiffs have satisfied the requirements of Rule 23, the motion for class certification will be granted.

I.      **BACKGROUND**

Macy and Stowe each received a letter from GC Services notifying them that their Synchrony Bank credit-card accounts had been referred to GC Services for collection.  (D.N. 1, PageID # 4-5)  After stating the debt balance, the letters advised:

> If you dispute this balance or the validity of this debt, please contact us.  If you do not dispute this debt within 30 days after you receive this debt, we will assume the debt is valid.

> However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you.  Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

1

(*Id.*, PageID # 5 ¶ 27, PageID # 6 ¶ 29 (emphasis removed))

According to the plaintiffs, this notice was deficient because it failed to inform them that GC Services was only obligated to provide the additional debt and creditor information if they disputed their debts in writing.  (*Id.*, PageID # 6 ¶¶ 30-31)  On behalf of themselves and others similarly situated, Macy and Stowe assert violations of the two subsections of the Fair Debt Collection Practices Act that impose the in-writing requirement, 15 U.S.C. § 1692g(a)(4), (5). (*Id.*, PageID # 9-10)  They seek statutory damages and injunctive relief.  (D.N. 1, PageID # 11)

## II.    ANALYSIS

### A.    Class Certification

The plaintiffs seek certification of the following class:

> (1) All persons with a Kentucky or Nevada address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," (3) between November 5, 2014 and November 5, 2015, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

(D.N. 22, PageID # 139)  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a case may proceed as a class action if

> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  The Court must also find that the action satisfies subsection (b)(1), (2), or (3) of Rule 23.  Here, the plaintiffs rely on subsection (b)(3), which provides that a class action is appropriate if "the court finds that the questions of law or fact common to class members

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

GC Services maintains that none of the Rule 23 requirements are met here because the plaintiffs and proposed class members lack standing to pursue their claims. (*See* D.N. 25) According to GC Services, no class should be certified here because neither the named plaintiffs nor the proposed class members could be shown to have suffered an injury in fact, a prerequisite for constitutional standing. (*See id.*) The Court previously held that Macy and Stowe adequately alleged injury in fact, however. (*See* D.N. 29, PageID # 300) Thus, to the extent GC Services asserts that they lack standing, its argument is rejected for the reasons stated in the Court's September 29, 2016 Memorandum Opinion and Order. (*See* D.N. 25, PageID # 229-31; D.N. 29, PageID # 296-300)

The Court likewise rejects GC Services' contention that the proposed class is unascertainable because Macy and Stowe have not demonstrated that each class member suffered an injury sufficient to confer standing. (*See* D.N. 25, PageID # 232-35) While the Sixth Circuit has yet to address the issue directly, *see Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 524 n.9 (6th Cir. 2015), "the vast majority of courts," including several within this circuit, have held that no showing of standing need be made as to putative class members. 2 William B. Rubenstein, *Newberg on Class Actions* § 2:3 (5th ed. 2016); *see, e.g.*, *In re Nw. Airlines Corp. Antitrust Litig.*, 208 F.R.D. 174, 225 (E.D. Mich. 2002) ("[I]t is not necessary, at the class certification stage, for Plaintiffs to show that each and every class member could satisfy an individualized standing inquiry."). Instead, concerns regarding "absent class member injury" are to be addressed through the Rule 23 analysis. *Newberg*, *supra*, at § 2:3. The Court will therefore

proceed to consider the plaintiffs' motion under Rule 23, beginning with the requirements of numerosity, commonality, typicality, and adequacy of representation. *See Newberg*, *supra*, at § 2:3 (describing this approach as "preferable"); *see also Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 422 (6th Cir. 2012) ("Once [a plaintiff's individual] standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure." (alteration in original) (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998)).

### 1.    Numerosity

The parties agree that GC Services mailed approximately 9,000 letters containing the challenged language to debtors in Kentucky and Nevada. (*See* D.N. 22, PageID # 146; D.N. 25, PageID # 236)  But GC Services protests that the plaintiffs have not identified class members "who actually *received*, *opened*, *and read* the letter."  (D.N. 25, PageID # 236)  Receipt is presumed, however, *see Tillman v. Macy's, Inc.*, 735 F.3d 453, 457 n.1 (6th Cir. 2013), and GC Services has offered nothing to rebut this presumption.  In any event, a plaintiff need not show that a debt-collection letter was read in order to establish a violation of § 1692g(a). *See Zamos v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 785-86 (N.D. Ohio 2006) (citing *Mahon v. Credit Bureau*, 171 F.3d 1197, 1201 (9th Cir. 2009)).  Based on the parties' representation that approximately 9,000 letters were mailed, the Court finds that the proposed class "is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).

### 2.    Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen.*

*Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  Macy and Stowe contend that common

questions of law or fact exist because GC Services sent similar debt-collection letters to all

proposed class members, and as a result, the class members faced the risk of waiving valuable

FDCPA protections.  (D.N. 22, PageID # 147-48; *see* D.N. 29, PageID # 298-300 (finding that

risk of waiving rights under FDCPA satisfied injury-in-fact requirement))  Thus, they assert,

"[e]ach class member . . . has the same claim against" GC Services: that the company violated

the FDCPA by failing to include the in-writing requirement in the debt-collection letters it sent to

them.[1]  (*Id.*, PageID # 147)  Resolution of this "common contention . . . will resolve an issue that

is central to the validity of each one of the claims in one stroke."  *Dukes*, 564 U.S. at 350.

Receipt of similar dunning letters from the same debt collector has repeatedly been found to

satisfy Rule 23's commonality requirement.  *See, e.g.*, *Fariasantos v. Rosenberg & Assocs.*, 303

F.R.D. 272, 275 (E.D. Va. 2014) (citations omitted); *Edwards v. McCormick*, 196 F.R.D. 487,

494 (S.D. Ohio 2000).  The Court likewise finds that requirement to be met here.

> ### 3.      Typicality

The typicality and commonality requirements overlap to a large extent.  *See Dukes*, 564

U.S. at 349 n.5.  "Typicality is met if the class members' claims are 'fairly encompassed by the

named plaintiffs' claims.'"  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,

722 F.3d 838, 852 (6th Cir. 2013).  In other words, "[a] plaintiff's claim is typical if it arises

from the same event, practice, or course of conduct that gives rise to the claims of other class

members and if his or her claims are based on the same legal theory."  *Newberg*, *supra*, § 3:29.

---

[1] GC Services does not challenge the question posed by the plaintiffs except to argue that it "ignores the overarching problem as to whether each proposed class member suffered the requisite 'concrete and particularized' injury" for standing purposes.  (D.N. 25, PageID # 237-38)  As stated above, the Court need not determine whether all class members possess standing. *See* part II.A, *supra*.

Here, the named plaintiffs and the proposed class members' claims arise from letters GC Services sent to all of them containing the same alleged deficiency. The claims asserted by Macy and Stowe are therefore typical of the claims of the class. *See* Fed. R. Civ. P. 23(a)(3).

### 4. Adequacy of Representation

The adequacy-of-representation requirement also "tend[s] to merge" with typicality and commonality, as it addresses the concern that "the interests of the class members will be fairly and adequately protected in their absence"; more specifically, it "raises concerns about the competency of class counsel and conflicts of interest." *Dukes*, 564 U.S. at 349 n.5 (quoting *Falcon*, 457 U.S. at 157). The Sixth Circuit has adopted a two-prong test for determining whether the adequacy-of-representation factor is met: "1) [T]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013) (alteration in original) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996)).

With respect to the first prong, GC Services merely refers the Court to its earlier arguments concerning injury in fact. (D.N. 25, PageID # 240) For the reasons already discussed, the Court rejects those arguments and finds that Macy and Stowe share common interests with the proposed class members.

GC Services does not challenge the plaintiffs' commitment to prosecuting this action or the qualifications of their counsel, who have extensive experience litigating class actions. (D.N. 22, PageID # 150; *see* D.N. 25, PageID # 239-40 (addressing common-interest prong only)) According to the plaintiffs, the firm of Greenwald Davidson Radbil "has been appointed class counsel in more than two dozen consumer protection class actions in the past two years." (D.N.

22, PageID # 150 n.5)  And the Court notes that Macy and Stowe protected class members' interests when they rejected offers of judgment that included no class relief.  (*See* D.N. 22, PageID # 149; D.N. 29, PageID # 306)  Based on the plaintiffs' representations and GC Services' lack of meaningful opposition, the Court finds the second prong, and thus the final Rule 23(a) requirement, to be met.

### 5.        Predominance and Superiority

Finally, the Court must decide whether common questions predominate over individual ones and a class action is the superior method "for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  GC Services contends that individual inquiries into each class member's standing to sue would "overwhelm any questions common to the class."  (D.N. 25, PageID # 240)  The Court again rejects this position.  GC Services has failed to identify a "'fatal dissimilarity' . . . among the members of the [proposed] class that would render the class action mechanism unfair or inefficient for decision-making."  *In re Whirlpool*, 722 F.3d at 859 (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S. Ct. 1184, 1197 (2013)).

Nor does the Court see any such problem.  As stated above, all class members' claims arise out of the same alleged wrongdoing by GC Services.  The question of whether GC Services violated the FDCPA by failing to include the in-writing requirement in the letters it sent to class members is common to all members and predominates over any individual questions.  *Cf. Fariasantos*, 303 F.R.D. at 276.  And a class action is the superior method for adjudicating the proposed class members' claims, as the amount each class member could recover in statutory

damages individually would be deemed by most to be too small to justify an individual action.[2]
*Cf. id.*

GC Services urges the Court to follow the supplemental authority it submitted, *Dickens v. GC Services Ltd. Partnership*, No. 8:16-cv-803-T-30TGW, 2016 U.S. Dist. LEXIS 156916 (M.D. Fla. Nov. 14, 2016), to find that the adequacy and superiority requirements are not met. (*See* D.N. 31)  *Dickens* involved the same counsel and similar claims against GC Services.  *See* 2016 U.S. Dist. LEXIS 156916 at *1-2.  The Middle District of Florida found GC Services liable for violating the in-writing provision of the FDCPA but concluded that class certification was inappropriate because the named plaintiff, like Macy and Stowe here, limited his demand to statutory damages.  *See id.* at *12, *16-28.

With respect to adequacy of representation, the *Dickens* court found that the plaintiff's demand for statutory damages gave rise to a potential conflict of interest because class members with actual damages "would be precluded from recovering them" in lieu of the nominal damages the court intended to award.  *Id.* at *19.  Following a lengthy discussion of the appropriate measure of damages, *see id.* at *23-27, the court concluded that any plaintiff in the case would be entitled to only $1.00 in statutory damages.  *Id.* at *27.  Because these damages would be "dwarf[ed]" by the administrative costs inherent to class actions and because "individual cases, with individualized facts, may be worth much more," the court concluded that certifying a class would be inefficient and unfair and thus was not the superior method of adjudication.  *Id.* at *27-28.  It denied class certification, granted summary judgment to the plaintiff as to liability, and sua sponte entered judgment in favor of the plaintiff for $1.00.  *Id.* at *28.

---

[2] Statutory damages in an individual action under the FDCPA are limited to $1,000.  15 U.S.C. § 1692k(a)(1)(A).

The Court declines to follow *Dickens* here.  Several aspects of the decision—which is currently on appeal to the Eleventh Circuit—give the Court pause.

First, the *Dickens* court may have overstepped in deciding the plaintiff's entitlement to damages.  As Macy and Stowe point out, numerous courts (including the Eleventh Circuit) have recognized the right to trial by jury in FDCPA cases.  *See, e.g.*, *Kobs v. Arrow Serv. Bureau*, 134 F.3d 893, 898 (7th Cir. 1998); *Adams v. Schumacher*, No. 3:13-cv-2301-AC, 2015 U.S. Dist. LEXIS 45066, at \*5 (D. Or. Apr. 7, 2015).  While the Sixth Circuit has not addressed the issue, courts within this circuit have held jury trials on FDCPA claims.[3]  *See Robinson v. Sherman Fin. Grp., LLC*, No. 2:12-CV-30, 2016 U.S. Dist. LEXIS 45129, at \*3-4 (E.D. Tenn. Apr. 4, 2016) (FDCPA case tried to jury, which awarded statutory damages); *Wright v. Best Recovery Servs., LLC*, No. 14-cv-12476, 2016 U.S. Dist. LEXIS 22124, at \*2 (E.D. Mich. Feb. 24, 2016) (FDCPA case tried to jury, which found for defendant); *Wielicki v. HMC Grp.*, No. 1:09 CV 15, 2009 U.S. Dist. LEXIS 102469, at \*2 (N.D. Ohio Nov. 3, 2009) (same); *White v. Cadle Co.*, No. C-1-96-047, 1999 U.S. Dist. LEXIS 15760, at \*2-3 (S.D. Ohio Sept. 30, 1999) (jury found violation of FDCPA and state consumer-protection statute and awarded statutory damages under each statute).  Since the plaintiffs have demanded a jury trial in this case (*see* D.N. 1, PageID # 11), the Court declines to undertake a sua sponte analysis of liability and damages, which would require a premature examination of the merits.  *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S. Ct. 1184, 1194-95 (2013) (cautioning that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage").

---

[3] At least one such case was appealed, and the Sixth Circuit expressed no concern regarding the propriety of a jury trial.  *See Robinson v. Sherman Fin. Grp., LLC*, 611 F. App'x 300, 301 (6th Cir. 2015).

The *Dickens* court also placed undue emphasis on the *de minimis* nature of the damages that class members were likely to receive.  Class actions are designed "to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."  *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)).  Thus, the fact that each class member may recover a seemingly paltry sum does not defeat the superiority element.  *See id.* (rejecting defendant's argument that class action was not superior means of adjudication because class members would only be entitled to approximately $60 each).  Nor does a plaintiff's lack of actual damages render him unqualified to serve as a class representative in the FDCPA context.  *See Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998) (FDCPA "is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not"; named plaintiff "may properly represent" class members "[s]o long as [the plaintiff's] and the class members' injuries arose out of the same violative conduct").

Moreover, the *Dickens* court's concern that plaintiffs with actual damages would be "precluded" from pursuing them disregards Rule 23's opt-out provision.  2016 U.S. Dist. LEXIS 156916 at *19; *see id.* at *25-26.  The court acknowledged the provision in a footnote but dismissed it as practically worthless, citing the potential for further litigation "by class members who did not opt out in their allotted time but who, for various reasons, feel that they fall outside the certified class and therefore should not be bound [by] the class action's outcome."  *See id.* at *26-27 n.2 (citing *In re Managed Care Litig.*, No. 00-MD-1334-MORENO, 2010 U.S. Dist. LEXIS 142862, at *36-42 (S.D. Fla. Aug. 15, 2010)).  But the same problem could arise in any class action.  Absent evidence that the proposed class consists primarily of persons entitled to more damages than they are likely to recover here, the possibility that some class members will

fail to opt out and come to regret it is not a compelling reason to deny certification.  In sum, the

Court finds *Dickens* unpersuasive.

### B.      Appointment of Class Counsel

GC Services offers no opposition to the plaintiffs' request to appoint class counsel.  As

stated above, the proposed class counsel are experienced in complex litigation and have served

as class counsel on numerous occasions.  (*See* D.N. 22, PageID # 150 n.5)  The Court is

confident that they are qualified and will represent class members' interests fairly and adequately

in this case as well.  *See* Fed. R. Civ. P. 23(g)(1), (4).

### C.      Nationwide Class

GC Services briefly argues that if the Court is inclined to grant certification, it should

either certify a nationwide class or define the class to "encompass all the proposed class

members across all the pending lawsuits filed by Plaintiffs' counsel against GC Services

involving the letters at issue here."  (D.N. 25, PageID # 241-42)  It notes the existence of

*Dickens* (which, as discussed above, was dismissed by the district court and is now on appeal)

and quotes the FDCPA's damages provision, 15 U.S.C. § 1692k(a), asserting that "Plaintiffs'

counsel should not be permitted to bring serial, piecemeal litigation against GC Services for the

same[] alleged course of conduct in the various federal districts across the country."  (D.N. 25,

PageID # 242)  The statute does not limit the number of class actions that may be brought against

a defendant, however, and GC Services cites no precedent in support of its request to redefine the

class.  (*See id.*)  As Macy and Stowe observe, similar attempts have been rejected on the ground

that plaintiffs are "masters of their complaint."  *Johnson v. Advance Am., Cash Advance Ctrs. Of*

*S.C., Inc.*, 549 F.3d 932, 937 (4th Cir. 2008); *see also Cortez v. McClatchy Newspapers, Inc.*,

No. 2:15-cv-01891-TLN-EFB, 2016 U.S. Dist. LEXIS 74315, at *12-13 (E.D. Cal. June 7,

2016). This Court likewise declines to adopt the defendant's preferred class definition over that chosen by the plaintiffs.

## III. CONCLUSION

For the reasons discussed above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (D.N. 22) is **GRANTED**. Case No. 3:15-cv-819-DJH-CHL, *Macy v. GC Services Limited Partnership*, shall be maintained as a class action on behalf of the following class of plaintiffs:

> (1) All persons with a Kentucky or Nevada address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," (3) between November 5, 2014 and November 5, 2015, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership

with respect to claims for statutory damages under the Fair Debt Collection Practices Act premised on GC Services' mailing of debt-collection letters that failed to inform debtors that GC Services was only obligated to provide additional debt and creditor information if they disputed their debts in writing.

(2)     Subject to further order of the Court, Wilbur Macy and Pamela J. Stowe are designated as class representatives, and the law firm of Greenwald Davidson Radbil PLLC is appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

(3)     Within **thirty (30) days** of the date of entry of this Memorandum Opinion and Order, the plaintiffs shall submit for the Court's approval a proposed notice notifying class

members of the instant action in accordance with the requirements of Rule 23(c)(2)(B).  GC

Services shall have **fifteen (15) days** thereafter to file any objection to the proposed notice.

Within **sixty (60) days** following approval, class counsel shall cause to be mailed in the name of

the Clerk by first class mail, postage prepaid, to all class members who can be identified through

reasonable efforts, the notice approved by the Court.

February 6, 2017

**David J. Hale, Judge**
**United States District Court**